UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ROBERTO HERRERA,

                                        16-cv-4297

                    *Plaintiff*,

        -against-                       **COMPLAINT**

GLORIA GENAO,
ROBERTO VASQUEZ,
STAR PARKING GARAGE, INC.
and STAR PARKING 2,

                    *Defendants.*
_____


        Plaintiff Roberto Herrera ("Plaintiff"), by his attorneys, the Law Offices

of Scott A. Lucas, alleges as follows for his Complaint against Defendants

Gloria Genao, Roberto Vasquez, Star Parking Garage, Inc. and Star Parking 2.

The above-named Defendants are referred to herein as "Defendants" by virtue

of their status as joint employers of Plaintiff:


                    **<u>INTRODUCTION</u>**

        1.      This case is about parking facility owners who willfully paid a

subminimum wage and no overtime to a parking lot attendant who worked 84

hours a week, including Christmas, New Year's Eve, New Year's Day, Easter

and other holidays.

2.      Plaintiff brings this action to recover unpaid overtime, unpaid spread-of-hours pay, unpaid minimum wages, and liquidated damages.

3.      The wage and hour violations described herein were willful and were carried out systematically in violation of the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and New York Labor Law ("NYLL") article 19, § 650, *et seq.* and Part 142 of Title 12 of New York's Codes, Rules and Regulations ("N.Y. Comp.Codes R. & Regs."), and NYLL article 6, § 190, *et seq.*

## JURISDICTION & VENUE

4.      This Court possesses subject matter jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and 28 U.S.C. § 1337, and supplemental jurisdiction over Plaintiff's NYLL claims under 28 U.S.C. § 1367.

5.      The events and omissions giving rise to the claims herein occurred in this judicial district.  Venue is proper under, *inter alia*, 28 U.S.C. § 1391.

## THE PARTIES

6.      Plaintiff Roberto Herrera is a resident of the State of New York residing at 2115 Honeywell Ave., Apt. 2L, Bronx, NY 10460.

7.      Upon information and belief, Defendant Star Parking Garage, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal places of business at 840 Westchester Ave., Bronx, NY 10459 and 850 East 181st Street, Bronx, NY 10460.

8.      Upon information and belief, Defendant Star Parking 2 is an unincorporated business organization operating, by and through the individual defendants and Star Parking Garage, Inc., having its principal places of business at 840 Westchester Ave., Bronx, NY 10459 and 850 East 181st Street, Bronx, NY 10460.

9.      Star Parking 2 and Star Parking Garage, Inc. are referred to herein collectively as the "Star Parking."

10.     Defendants Gloria Genao and Roberto Vasquez are individuals whose address is not currently known to Plaintiff.

## **FACTS**

11.     Star Parking operates multiple parking facilities in New York City.

12.     Plaintiff worked as an employee of Defendants from February 2014 through February 28, 2016.

13.     During the time he was employed by Defendants, Plaintiff worked primarily as a parking lot attenant.

14.     As such, Plaintiff's duties included parking cars.

15.     Plaintiff also regulalry processed credit card transactions as part of his job.

16.     Star Parking was at all material times herein the entity through which the individual defendants maintained and controlled the terms and conditions of Plaintiff's employment.

17.     The individual defendants were at all material times herein owners of Star Parking.

18.     Upon information and belief, Defendants Gloria Genao and Roberto Vasquez are married.

19.     Upon information and belief, Defendant Gloria Genao served at all material times as an officer of Star Parking.

20.     Upon information and belief, Defendant Roberto Vasquez served at all material times as an officer of Star Parking.

21.     Upon information and belief, Defendants Gloria Genao and Roberto Vasquez served at all material times as Star Parking's highest-level officers.

22.     Defendants Gloria Genao and Roberto Vasquez served at all material times as managers of Star Parking.

23.     At all material times herein, Gloria Genao was at the lot where Plaintiff worked approximately three days per week.

24.     On numerous occasions Defendant Gloria Genao told Plaintiff how to do his job, *e.g.*, how to receive vehicles, how to check vehicles for pre-existing damages when they entered the lot, etc.

25.     At all material times herein, Gloria Genao regularly gave Plaintiff work assignments.

26.     At all material times herein, Gloria Genao regularly required Plaintiff and other Star Parking employees to sign a sign-in sheet, and set pay

rates, maintained pay rates, and determined how and when pay was to be handed out.  Plaintiff's pay was tendered either by Gloria Genao directly, or her son.

27.    Roberto Vasquez directed Plaintiff where the parking tickets are to be placed inside the vehicle.

28.    At all material times herein, Roberto Vasquez, who was married to and united in interest with Gloria Genao, maintained Star Parking's records.

29.    At all material times herein, Defendants had eight cameras in the lot where Plaintiff worked – one in the office, and seven in the lot.

30.    At all material times herein, Gloria Genao regularly used these cameras to monitor what was happening in the lot where Plaintiff worked. Plaintiff knows this because Gloria Genao showed Plaintiff this feature many times.

31.    Upon information and belief, at all material times herein Roberto Vasquez also used these same security cameras to monitor what was happening in the lot where Plaintiff worked.

32.     Defendants Genao and Vasquez caused and facilitated Defendants' practice of failing to pay minimum wages, overtime and spread-of-hours pay, and failing to provide and maintain statutorily-required records.

33.     Upon information and belief, under federal and New York State law each Defendant was an employer or joint employer in relation to Plaintiff, and Plaintiff was an employee in relation to his joint employers.

34.     Upon information and belief, each Defendant has benefited, directly and indirectly, from, and has been unjustly enriched by, the wage-related underpayments described herein.

## FIRST CAUSE OF ACTION

### UNPAID OVERTIME IN VIOLATION OF
### THE FAIR LABOR STANDARDS ACT

35.     Plaintiff incorporates the preceding paragraphs by reference.

**Defendants' Status as an Enterprise**

36.     Upon information and belief, Defendants constitute an "enterprise" as that term is defined by 29 U.S.C. § 203(r), in that, at all material times herein, they engaged in related activities performed through unified operation and/or common control for a common business purpose.

37.     At all times mentioned herein, Defendants' employees regularly engaged in interstate commerce in connection with their employment, including, but not limited to:  (a) handling of goods (i.e., motor vehicles) transported from out-of-state; (b) interstate purchases, sales and marketing of goods and materials used in connection with the operation of commercial parking facilities; (c) handling credit and debit card and other transactions that involve the interstate banking, finance and insurance systems; and (d) transacting business across state lines via text messages, mail, and other means. *Velez v. Vassallo*, 203 F.Supp.2d 312, 329 (S.D.N.Y. 2002) ("Defendants' employees handled cars that were brought to public parking garages in New York City; such cars surely epitomize 'goods or materials that have been moved in or produced for" interstate commerce.'").

38.     At all times mentioned herein, Defendants employed employees in and about their business premises in driving and parking motor vehicles, selling their service of doing so, maintaining their lots, etc., and in doing so used cars, metal signs, security cameras, phones, etc., which were moved in or been produced for commerce by other persons.

39.     At all times mentioned herein Defendants had at least two employees engaged in commerce.

40.     Based on the number of transactions handled, and number of cars that parked at Defendants' lot, the annual dollar volume of business of Defendants was in excess of $500,000.

**Defendants' Record-Keeping Obligations**

41.     Under federal and state law, employers are responsible for keeping detailed records of wages, hours, tips, and other employment information. *See* 29 U.S.C. § 211(c); NYLL § 195(4); NYLL § 661; 12 NYCRR §§ 137-2.1 - 137-2.2; 12 NYCRR §§ 146-2.1 – 146-2.3.

42.     "These requirements are not mere technicalities, but substantive obligations that are 'fundamental underpinnings' of FLSA and critical to ensuring the statute's effectiveness, for an employer's '[f]ailure to keep accurate records can obscure a multitude of minimum wage and overtime violations.'"  *Chan v. Sung Yue Tung Corp.*, 2007 WL 313483 (S.D.N.Y. 2007) (Lynch, J.) (citing cases).

43.     At all times mentioned herein, Defendants failed to comply with the above-referenced record-keeping obligations.

**Plaintiff's Work Schedule**

44.    Plaintiff's work schedule was seven days a week, from 8 a.m. to 8 p.m.

45.    Plaintiff worked approximately 84 hours a week at all material times herein.

**Defendants' Failure to Pay Overtime**

46.    At all times mentioned herein, Defendants failed to comply with the FLSA, in that Defendants required and permitted Plaintiff to work more than 40 hours per week, but provision was not made by Defendants to pay Plaintiff at the rate of one and one-half times the regular rate for the hours worked in excess of the hours provided for in the FLSA (29 U.S.C. § 207).

47.    Plaintiff's pay was $5.90 per hour for all hours worked.

48.    Defendants never paid Plaintiff one and one-half times the minimum wage for hours worked in excess of 40 hours per week.

49.    There was never any agreement between Plaintiff and Defendants to compensate Plaintiff for overtime work.

50.    Defendants are and were at all material times herein fully aware

that Plaintiff worked more than 40 hours per week without receiving overtime compensation.

51.     Upon information and belief, Defendants are and were at all relevant times herein aware that overtime pay is mandatory for non-exempt employees who work more than 40 hours per week.

**Defendants' Wage and Hour Violations Were Willful**

52.     Defendants' wage and hour violations were deliberate, calculated and willful.

53.     Defendants' willfulness can be inferred from several sources, including, without limitation:  **(a)** Defendants' decision not to pay employer-side payroll taxes; **(b)** Defendants' decision to ignore their minimum wage, overtime, and spread-of-hours pay obligations; and **(c)** Defendants' systematic violations of applicable notice and record-keeping laws (not recording Plaintiff's hours, not complying with obligations to post notices concerning employee rights under the FLSA and New York law, etc.).

54.     As a result of Defendants' conduct as aforesaid, Defendants are liable to Plaintiff for the damages set forth in the "Damages" section of this Complaint.

## SECOND CAUSE OF ACTION

### UNPAID OVERTIME UNDER
### N.Y. COMP.CODES R. & REGS. 12 § 142-2
### AND NYLL §§ 663(1) AND 198(1-a)

55.     Plaintiff incorporates the preceding paragraphs by reference.

56.     Defendants failed to comply with, *inter alia*, 12 N.Y. Comp.Codes R. & Regs. § 142-2.2 and NYLL §§ 663(1) and 198(1-a), in that Plaintiff worked for Defendants in excess of the maximum hours provided by State law, but provision was not made by Defendants to pay Plaintiff at the rate of 1½ times the regular rate for the hours worked in excess of the hours provided for by State law and regulations.

57.     Defendants are therefore liable under New York law for unpaid overtime.

58.     In addition to their liability for unpaid overtime under the FLSA and New York law and their liability for compensatory liquidated damages under the FLSA, Defendants, for their willful violations of New York law, are liable under NYLL §§ 663 and 198(1-a) for a liquidated damages penalty equal to 100% of the due and unpaid overtime.

59.     A prevailing plaintiff can recover liquidated damages under the FLSA and NYLL because the liquidated damages provisions contained within the FSLA and NYLL, respectively, serve different purposes.  *See Lanzetta v. Florio's Enterprises, Inc.*, 08 CIV. 6181 DC, 2011 WL 3209521, at *5 (S.D.N.Y. July 27, 2011) (Chin, J.), quoting *Reilly v. NatWest Mkts. Grp. Inc.*, 181 F.3d 253, 265 (2d Cir.1999); *Hernandez v. Prof'l Maint. & Cleaning Contractors Inc.*, No. 13-CV-2875 FB LB, 2015 WL 128020, at *6 (E.D.N.Y. 2015) ("The majority of district courts has allowed simultaneous recovery [of FLSA liquidated damages and NYLL liquidated damages] 'because liquidated damages under the FLSA and the NYLL serve different purposes'; one provision is compensatory and the other is punitive.") (citing cases); *Easterly v. Tri-Star Transp. Corp.*, No. 11 CV 6365 VB, 2015 WL 337565, at *7 (S.D.N.Y. 2015) (same); *Jiaren Wei v. Lingtou Zhengs Corp.*, No. 13-CV-5164 FB CLP, 2015 WL 739943, at *10 (E.D.N.Y. 2015) (same); *Begum v. Ariba Disc., Inc.*, No. 12CV6620 DLC, 2015 WL 223780, at *2 (S.D.N.Y. 2015) (same).

60.     Based upon the foregoing, Defendants are liable for unpaid overtime and liquidated damages as set forth in the "Damages" section below.

## THIRD CAUSE OF ACTION

### UNPAID MINIMUM WAGES UNDER THE FLSA

61.     Plaintiff incorporates the preceding paragraphs by reference.

62.     The federal minimum wage during Plaintiff's employment is and was $7.25 per hour.  29 U.S.C. § 206(a)(1).

63.     The hourly wage paid by Defendants ($5.90) is and was below the federally-mandated minimum wage.

64.     Based on the foregoing, Defendants are liable for unpaid minimum wages and liquidated damages as set forth in the "Damages" section below.

## FOURTH CAUSE OF ACTION

### UNPAID MINIMUM WAGES IN VIOLATION OF THE NYLL AND THE MINIMUM WAGE ORDERS OF THE COMMISSIONER OF THE NEW YORK DEPARTMENT OF LABOR

65.     Plaintiff incorporates the preceding paragraphs by reference.

66.     The New York hourly minimum wage during Plaintiff's employment was $8.75 until December 31, 2015, and $9 from December 31, 2015 onward.  *See* NYLL § 652(1); 12 N.Y. Comp.Codes R. & Regs. § 142-2.1.

67.     The hourly wage paid by Defendants ($5.90) is and was below the state-mandated minimum wage.

68.     Based on the foregoing, Defendants are liable for unpaid minimum wages and liquidated damages as set forth in the "Damages" section below.

### FIFTH CAUSE OF ACTION

### UNPAID SPREAD OF HOURS PAY
### IN VIOLATION OF NEW YORK LAW

69.     Plaintiff incorporates the preceding paragraphs by reference.

70.     New York law also provides that covered employees, such as Plaintiff, are entitled to an additional hour's pay at the basic minimum hourly wage rate for any day in which "the spread of hours" -- defined as "the interval between the beginning and end of an employee's workday" -- exceeds 10 hours. 12 N.Y. Comp.Codes R. & Regs., § 142-2.1; NYLL § 652(1) and NYLL § 663(1); *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 339 (S.D.N.Y. 2005).

71.     Defendants never paid Plaintiff any spread of hours pay.

72.     Accordingly, Defendants are liable for unpaid spread-of-hours pay and liquidated damages as summarized in the "Damages" section of this Complaint.

## SIXTH CAUSE OF ACTION

## VIOLATION OF NEW YORK LABOR LAW § 195

73.     Plaintiff incorporates the preceding paragraphs by reference.

74.     NYLL § 195.1(a) provides, in pertinent part, that "Every employer shall":

> provide his or her employees, in writing …, …on or before February first of each subsequent year of the employee's employment with the employer, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; ***; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; ***. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement … of receipt of this notice, which the employer shall preserve and maintain for six years. *** For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay[.]

75.    NYLL § 195(3) provides, in pertinent part, that "Every employer

shall":

> furnish each employee with a statement with every payment
> of wages, listing the following: the dates of work covered by
> that payment of wages; name of employee; name of
> employer; address and phone number of employer; rate or
> rates of pay and basis thereof, whether paid by the hour,
> shift, day, week, salary, piece, commission, or other; gross
> wages; ***; and net wages.  For all employees who are not
> exempt from overtime compensation as established in the
> commissioner's minimum wage orders or otherwise
> provided by New York state law or regulation, the statement
> shall include the regular hourly rate or rates of pay; the
> overtime rate or rates of pay; the number of regular hours
> worked, and the number of overtime hours worked.

76.    NYLL § 198 further provides, in pertinent part, as follows:

> 1-b. If any employee is not provided within ten business
> days of his or her first day of employment a notice as
> required by subdivision one of [Labor Law § 195.1], he or
> she may recover in a civil action damages of [$50] for each
> work day that the violations occurred or continue to occur,
> but not to exceed a total of [$5,000], together with costs and
> reasonable attorney's fees. ***

> 1-d. If any employee is not provided a statement or
> statements as required by [Labor Law § 195.3], he or she
> shall recover in a civil action damages of [$250] for each
> work day that the violations occurred or continue to occur,
> but not to exceed a total of [$5,000], together with costs and
> reasonable attorney's fees. ***

77.    Defendants failed to comply with *any* of the various requirements

set forth in NYLL § 195.

78.    As a result, their cumulative civil penalties would exceed the combined statutory maximum of $10,000 under NYLL § 198 (1-b) and (1-d), and are therefore liable in the amount of $10,000 to Plaintiff for said violations, plus attorney's fees and costs.

## DAMAGES

79.    Defendants' liability for unpaid overtime and liquidated damages to Plaintiff is estimated as follows:

| Date | OT Hours | Regular Rate (based on NYS Min. Wage) | OT Rate | Amt Paid (hourly rate = $5.90) | OT Owed = (col. B * col. D) - col. E | FLSA Liquidated Damages | NYLL Liquidated Damages | OT-Related Amounts Owed |
|---|---|---|---|---|---|---|---|---|
| 2014 | 1504 | $8.00 | $12.00 | $8,874 | $9,174 | $9,174 | $9,174 | $27,523 |
| 2015 | 1664 | $8.75 | $13.13 | $9,818 | $12,022 | $12,022 | $12,022 | $36,067 |
| 2016 | 288 | $9.00 | $13.50 | $1,699 | $2,189 | $2,189 | $2,189 | $6,566 |
| **OT Total** | | | | | | | | **$70,157** |

80.     Defendants' liability for unpaid minimum wages and liquidated

damages to Plaintiff is estimated as follows:

| Date | First 40 Hours | MW Rate | Amt Paid (hourly rate = $5.90) | MW Owed = (col. B * col. C) - col. D | FLSA Liquidated Damages | NYLL Liquidated Damages | Amount Owed |
|---|---|---|---|---|---|---|---|
| 2014 | 1880 | $8.00 | $11,092 | $3,948 | $3,948 | $3,948 | $11,844 |
| 2015 | 2080 | $8.75 | $12,272 | $5,928 | $5,928 | $5,928 | $17,784 |
| 2016 | 360 | $9.00 | $2,124 | $1,116 | $1,116 | $1,116 | $3,348 |
| **MW Total** | | | | | | | **$32,976** |

81.     Defendants' liability for unpaid spread of hours pay and liquidated damages to Plaintiff is estimated as follows:

| Period | NY Minimum Wage Rate | Est. Days with 10+ Hours Worked | Unpaid Spread of Hours Pay | Liquidated Damages | Total Spread of Hours and Liquidated Damages Owed |
|---|---|---|---|---|---|
| 02/08/14 - 12/31/14 (47 weeks) | $8.00 | 329 | $2,632 | $2,632 | $5,264 |
| 1/01/15- 12/31/15 (52 weeks) | $8.75 | 365 | $3,194 | $3,194 | $6,388 |
| 1/01/16- 2/28/16 (8.5 weeks) | $9.00 | 59 | $531 | $531 | $1,062 |
| **Total Est. Spread of Hours and Liquidated Damages** | | | | | **$12,714** |

## BCL § 630 Demand

Pursuant to New York Business Corporation Law ("BCL") § 630, Plaintiff hereby demands that Star Parking Garage Inc. permit an examination of its record of shareholders under BCL § 624 so that liability may be imposed on its top ten shareholders for the unpaid wages referenced herein.

## **CONCLUSION**

WHEREFORE, in addition to prejudgment interest (to the extent not precluded by compensatory liquidated), costs, and such other relief as is fair and just, Plaintiff respectfully request judgment against Defendants as follows:

| | |
|---|---|
| Unpaid Overtime and FLSA and NYLL Liquidated Damages on Overtime Claims | $70,157 |
| Unpaid Minimum Wages and Liquidated Damages on Overtime Claims | $32,976 |
| Spread-of-Hours Claim and Liquidated Damages on Spread of Hours Claim | $12,714 |
| Violations of NYLL § 195 | $10,000 |
| **Subtotal** | **$125,847** |
| Attorney's Fees | **TBD** |

Dated:     New York, New York
           June 9, 2016

                      LAW OFFICES OF SCOTT A. LUCAS

                      Law Offices of Scott A. Lucas

                      By:     */S/ Scott A. Lucas*
                              Scott A. Lucas
                              250 Park Avenue
                              20th Floor
                              New York, New York 10177
                              (212) 983-6000
                              *Attorneys for Plaintiff Roberto Herrera*