UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERTO HERRERA,<br><br>                              Plaintiff,<br>         - against -<br><br>GLORIA GENAO, ROBERTO VASQUEZ,<br>STAR PARKING GARAGE, INC., and<br>STAR PARKING 2,<br><br>                              Defendants. | Case No. 16-cv-4297 |

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

SAMUEL & STEIN
Michael Samuel, Esq.
38 West 32nd Street, Ste. 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Defendants*

## PROPOSED FINDINGS OF FACT

I.   *Plaintiff Roberto Herrera*

   a. Plaintiff Roberto Herrera began working for Star Parking 2 in January 2015, despite the assertion in Plaintiff's Complaint that he began working in 2014. (Tr. 49:1-5; Tr. 84:11-25).

   b. Plaintiff worked approximately 35 hours per week, five days per week (from Monday to Friday) from approximately 7:00 A.M. to 2:00 P.M. (Tr. 4:1-5; Tr. 9:22-24; Tr. 97:18-20).

   c. Plaintiff was paid $9 per hour, the prevailing minimum wage in New York at the time. (Tr. 4:6-8).

   d. Plaintiff was compensated for all of his hours worked, and never worked overtime. (Tr. 4:8-9).

   e. Plaintiff signed an acknowledgment of pay notice. (Tr. 12:17).

   f. Plaintiff paid Mr. Manuel Fernando Guerrero to cover/take over some of his shifts. (Tr. 9:3-4; Tr. 9:10-13). Mr. Guerrero was the only attendant working at those times (Tr. 18:17-19).

   g. When Mr. Guerrero took over Plaintiff's job, he worked on weekdays for half a day (Tr. 14:4), from 7:00 A.M. to 2:00 P.M. (Tr. 11:4-10; Tr. 16:7-8).

   h. Plaintiff took a trip to the Dominican Republic in approximately November of 2015. (Tr. 89:15-17).

   i. Mr. Guerrero substituted for Plaintiff at Star Parking 2 while Plaintiff was in the Dominican Republic. (Tr. 12:15-13:1).

   j. Plaintiff received a loan of $500 from Ms. Genao when he went to the Dominican Republic in November 2015, (Tr. 56:6-8; Tr. 93:5-12) which he never repaid. (Tr. 96:1-12).

II.   *Defendant Gloria Genao*

   a. Ms. Genao is an owner of Star Parking 2. (Tr. 83:17-21).

   b. Ms. Genao maintained a contemporaneous sign-in sheet for her employees to keep track of their hours worked and wages they were owed. (Tr. 99:4-10).

   c. Ms. Genao's employees signed the sheet whenever they collected their wages. (Tr. 99:18-22).

d. Ms. Genao provided Mr. Herrera with an acknowledgment of pay notice (Tr. 87:18-88:2).

e. At 2:00 P.M., when Plaintiff's/Mr. Guerrero's shift ended, Ms. Genao would come in. (Tr. 114:3-5). Ms. Genao herself covered some of the afternoon hours at the lot. (Tr. 12:1-5). She worked from 2:00 P.M. to 5:00 P.M. (Tr. 114:6-11). Kendrick Vasquez or his brother, Roberto Vasquez, worked from 5:00 P.M. to midnight. (Tr. 113:16-114:2). Another attendant, Julio, worked from midnight until 7:00 A.M. (Tr. 17:8-12).

f. Ms. Genao traveled to the Dominican Republic during the time that she employed Mr. Herrera. (Tr. 100:18-19; Tr. 108:22-23; Tr. 115-17-18).

g. Ms. Genao's son, Kendrick Vasquez (Tr. 86:7-8; Tr. 113:5-6), paid the employees' wages while Ms. Genao was in the Dominican Republic. (Tr. 115:22-25). However, Kendrick Vasquez did not track the employees' hours worked. (Tr. 100:20-21; Tr. 115:12-13; Tr. 116:11-15).

h. The weeks that Ms. Genao was in the Dominican Republic were the only weeks in which the "hours" column on the sign-in sheet was not filled in contemporaneously. Instead, the "hours" column was completed upon Ms. Genao's return, *after* the employees were paid. (Tr. 99:4-14; Tr. 100:12-23).

i. Ms. Genao sold a car to Mr. Herrera for $2,800. (Tr. 96:23-24). After Ms. Genao gave Mr. Herrera title to the car, Mr. Herrera began paying Ms. Genao for it in installments, but ultimately paid even less than $2,000. (Tr. 97:10-17).

III. *Defendant Star Parking 2*

a. Defendant Star Parking 2 is the trade name of an unincorporated business that is licensed by the New York City Department of Consumer Affairs, with parking lot license number 1464511-DCA. (Dkt. 16 at *4).

b. Star Parking 2 is owned by Defendant Gloria Genao. (Tr. 83:17-21).

c. Star Parking 2 is a parking garage that is licensed to contain 33 cars. (Tr. 83:23-24).

a. At Star Parking 2, one attendant worked each shift. (Tr. 114:15-16).

IV. *Defendant Star Parking, Inc.*

a. Defendant Star Parking Garage, Inc. is a corporation organized and existing under the laws of the State of New York. (Dkt. 16 at *4).

b. Defendant Star Parking Garage, Inc. is owned by Ms. Genao. (Tr. 87:4-7).

2

      c.   The parties have stipulated to dismiss Star Parking Garage, Inc. from this action. (Tr. 82:11-19).

**V.**   *Defendant Roberto Vasquez*

      a.   Mr. Vasquez was previously married to Ms. Genao. (Tr. 105:8-10).

      b.   Mr. Vasquez is a former owner of Star Parking 2, but no longer is involved in the business. (Tr. 83:17-21; Tr. 105:7-10).

## PROPOSED CONCLUSIONS OF LAW

1. Defendants are not subject to enterprise coverage under the FLSA, as their revenue did not exceed $500,000 in any year during the relevant time period.

2. Defendants did not violate the overtime provisions of the FLSA with respect to Plaintiff Roberto Herrera, as Mr. Herrera did not work hours exceeding 40 hours per week.

3. Defendants did not violate the overtime provisions of the NYLL with respect to Plaintiff Roberto Herrera as Mr. Herrera did not work hours worked exceeding 40 hours per week.

4. Defendants' violations of the FLSA were not willful. Thus, the statute of limitations under the FLSA should not be extended from two years to three years.

5. Defendants' violations of the NYLL were not willful. Thus, Defendants should not owe any liquidated damages whatsoever to Plaintiffs.

6. Plaintiff is not owed spread-of-hours damages, because Plaintiff's shifts never exceeded seven hours, and Plaintiff was paid at the correct minimum wage at all relevant times.

7. Plaintiff failed to meet his burden of showing that Defendants' alleged violations of the FLSA and NYLL were in bad faith. Thus, Defendants do not owe liquidated damages to plaintiffs.

8. Defendants took active steps to comply with the FLSA and NYLL by keeping records.

9. Defendants do not owe damages for NYLL 195(1), because they provided Plaintiff with a wage notice.

10. Plaintiff owes money to Defendants for the car payments he never made.

11. Plaintiff is not entitled to prejudgment interest under the NYLL.

3

                          Respectfully submitted,

By:   /s/ *Michael Samuel*
       SAMUEL & STEIN
       Michael Samuel
       38 West 32nd Street, Ste. 1110
       New York, New York 10001
       (212) 563-9884

*Attorneys for Plaintiffs*

Dated:  New York, NY
       May 2, 2018

4